IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ANDREW MILLBROOKE**,

       Plaintiff,

  v.

**CITY OF CANBY; OFFICER MURPHY, personally, BRET SMITH, both individually and in his capacity as Police Chief**,

       Defendants.

Case No. 3:12-cv-00168-AC

**OPINION AND ORDER**

Leonard Randolph Berman, Law Office of Leonard R. Berman, 4711 S.W. Huber Street, Suite E-3, Portland, OR 97219. Attorney for Plaintiff.

Gerald L. Warren, Law Office of Gerald Warren, 901 Capitol Street N.E., Salem, OR 97301. Attorney for Defendants.

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on December 11, 2013. Dkt. 44. Judge Acosta recommended that: (1) Plaintiff's motion for summary judgment be granted as to Defendants' qualified immunity affirmative defense and denied on all other grounds, Dkt. 29; and (2) Defendants' motion for partial summary judgment be granted as to Plaintiff's Fourth Amendment *Monell* violation and negligence claims, Dkt. 19.

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed an objection. Dkt. 48. Plaintiff argues that Judge Acosta erred by (1) granting Defendants' motion for summary judgment as to Plaintiff's *Monell* claim; and (2) declining to address Plaintiff's allegation that Defendant Officer Murphy should be held liable for an "unconstitutional pat-down or frisk" because Plaintiff did not assert such a claim in his complaint. The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendants' response.

The Court agrees with Judge Acosta's reasoning regarding Plaintiff's *Monell* claim. Plaintiff failed to establish a genuine dispute of material fact that could establish *Monell* liability under a theory of ratification. Regarding the pat-down claim, Plaintiff bears the "initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The Court agrees that Plaintiff may not move for summary judgment on a claim he failed to plead. *See Wasco Prods. Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." (citation and quotation marks omitted)). The Court agrees with Judge Acosta's reasoning.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Acosta's Findings and Recommendation, Dkt. 44. Plaintiff's motion for summary judgment is **GRANTED IN PART** as to Defendants' qualified immunity affirmative defense and **DENIED** on all other grounds, Dkt. 29; and (2) Defendants' motion for partial summary judgment is **GRANTED** as to Plaintiff's Fourth Amendment *Monell* violation and negligence claims, Dkt. 19.

**IT IS SO ORDERED**.

DATED this 24th day of January, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER