UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ANDREW MILLBROOKE,                                      Case No.: 3:12-CV-168-AC

                    Plaintiff,                         FINDINGS AND
                                                                 RECOMMENDATION

      v.

CITY OF CANBY; OFFICER MURPHY,
personally; BRET SMITH, both individually
and in his official capacity as Police Chief,

                    Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

        Plaintiff Andrew Millbrooke ("Millbrooke") brings this action against the City of Canby (the

"City"), Canby Police Officer James Murphy ("Murphy"), and Canby Police Chief Bret Smith

("Smith")(collectively "Defendants"), alleging:  (1) excessive force in violation of the Fourth

Amendment;  (2) wrongful arrest in violation of the Fourth Amendment;  (3) a *Monell* violation of

the Fourth Amendment; (4) negligent hiring, training, and supervision; and (5) battery. Millbrooke now moves to amend his complaint to add a claim for an illegal pat-down in violation of the Fourth Amendment.

Millbrooke's motion to amend his complaint should be denied. He unnecessarily delayed adding his proposed claim for two years after he filed his lawsuit, and allowing amendment at this juncture would unduly delay the litigation and result in prejudice to Defendants, because discovery has long since closed and dispositive motions have been filed and ruled upon.

*Background*

Millbrooke filed this action on January 30, 2012. The initial scheduling order issued February 1, 2012, and required Millbrooke to join all claims, remedies, and parties by May 31, 2012, which date also served as the close of discovery date. At the May 10, 2012, Rule 16 conference, the court extended the close of discovery date to October 1, 2012. Defendants responded to Millbrooke's production requests on June 2, 2012, providing various documents, including all relevant police reports. (Warren Decl. ¶ 4.) On August 29, 2012, the court granted Defendants' unopposed request to extend the close of discovery date to December 31, 2012. Defendants deposed Millbrooke on October 18, 2012. On January 3, 2013, the court granted Millbrooke's unopposed request to extend the close of discovery date to March 1, 2013. Then, on February 28, 2013, Millbrooke again moved to extend the close of discovery date, which motion the court granted on March 1, 2013, and extended the date to May 1, 2013. Millbrooke subsequently deposed Smith and Murphy on March 14, 2013. (Warren Decl. ¶ 4.)

On June 24, 2013, Defendants filed a motion for partial summary judgment. On June 28, 2013, Millbrooke filed, and the court granted, an unopposed request to extend the dispositive motion

filing deadline to July 10, 2013.  Millbrooke then filed both his own summary judgment motion and

his response to Defendants' motion for partial summary judgment on July 10, 2013.

On December 4, 2013, the court heard oral argument on the parties' respective motions for

summary judgment.  On December 11, 2013, the court issued its Findings and Recommendations

on those motions, recommending that Milbrooke's summary judgment motion be granted on

Defendants' qualified immunity defense and denied on all other grounds, and granting Defendants'

motion for partial summary judgment on Millbrooke's *Monell* and negligence claims.  In its Findings

and Recommendations, the court noted that because Millbrooke did not assert a claim for an

unconstitutional pat-down or frisk in his complaint, the court would not address his argument that

he was entitled to summary judgment on that theory.  *Millbrooke v. City of Canby*, No. 3:12-cv-

00168-AC, 2013 WL 6504680, at *5 n.2 (D. Or. Dec. 11, 2013).  On December 16, 2013, the court

referred its Findings & Recommendations to District Judge Michael Simon.

On December 31, 2013, Millbrooke filed his motion to amend the complaint to add a claim

for relief based on an alleged unlawful pat-down by Murphy.  Millbrooke represented that he did

"not recall the pat-down taking place" but sought a ruling from the court on the constitutionality of

the pat down based on the evidence contained in the police report and in Murphy's declaration.

(Berman Decl. ¶ 1, Dec. 31, 2013.)  Millbrooke argued that the amendment would not prejudice

Defendants "since they have pled the takedown as in their declaration in response to plaintiff's

Motion for Partial Summary Judgment, and this is not a new facet to the case or its evidence."

(Berman Decl. ¶ 5.)  Defendants oppose the motion to amend, asserting that such an amendment

would violate the initial scheduling order without good cause and would be extremely prejudicial.

In his Opinion adopting the Findings and Recommendation, Judge Simon specifically agreed that

Millbrooke could not seek summary judgment on the pat-down claim – a claim he failed to plead. *Millbrooke v. City of Canby*, No. 3:12-cv-00168, 2014 WL 287859, at *1 (D. Or. Jan. 24, 2014).

*Legal Standard*

After the initial pleading stage, a plaintiff may amend his "pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a) (2013). "Although the rule should be interpreted with 'extreme liberality,' leave to amend should not be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). A trial court may deny the motion if permitting amendment would prejudice the opposing party, produce an undue delay in litigation, result in futility for lack of merit, is sought by plaintiffs in bad faith or with a dilatory motive, or the plaintiffs have filed numerous amended complaints. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Whether to grant leave to amend lies within the sound discretion of the trial court. *Webb*, 655 F.2d at 979. In exercising this discretion, however, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id*.

*Discussion*

Millbrooke appears to refer to the new claim as both a pat-down claim and a takedown claim. The proposed amended complaint identifies the new claim as an "illegal pat-down" and specifically alleges that "Murphy violated Mr. Millbrooke's right not to be subjected to a pat-down of his person absent reasonable suspicion that he was armed and dangerous, as guaranteed by the 4[th] Amendment

of the United States Constitution." (Pl.'s Mot. for Leave to Amend, Ex. 1 at 5.) Based on the allegations of the proposed amended complaint, the court will consider the new claim as a pat-down claim, not a takedown claim.

Defendants oppose the motion to amend, arguing that under FED. R. CIV. P. 16(b)(4) a scheduling order may be modified only for "good cause." A Rule 16 scheduling order is issued by the court after a defendant has been served with the complaint or has filed an answer. FED. R. CIV. P. 16(b) (2013). The deadline for the joinder of claims was created in the initial scheduling order, issued by the court upon the filing of the action, but a new deadline was not set in the court's May 10, 2012, Rule 16 scheduling order. Accordingly, the "good cause" requirement of Rule 16 does not apply to the joinder of claims deadline.

Millbrooke represents that the pat-down claim is not new to the case or its evidence. This representation is supported by the fact that the evidence Millbrooke relies upon in support of the new claim was made available to him in writing on June 12, 2012, and through deposition on March 14, 2013. Consequently, rather than being based on newly discovered facts, Millbrooke's pat-down claim instead is the product of a newly conceived theory based on existing facts that were available to him for the 18 months following his receipt of Defendants' discovery documents in June 2012.

Soon after June 12, 2012, Millbrooke knew or had notice of the pat-down from Murphy's police report, and he could have moved to amend his complaint at or near that time, but he did not. The court extended the discovery close date three times after June 12, 2012, two of which extensions were at Millbrooke's request. The court also extended the dispositive motion date each time it extended the discovery close date, and then extended the dispositive motion date a fourth time at Millbrooke's request after Defendants already had filed their motion for partial summary judgment

by the June 24, 2013, deadline.  During the time the discovery deadlines were extended, Millbrooke took no action of any kind to pursue the information in Murphy's police report by moving to amend his complaint.  Discovery closed and dispositive motions were filed, briefed, and argued, and the court ruled on those motions in its Findings and Recommendation, and still Milbrooke did not seek to amend his complaint.

Now, in seeking to amend his complaint, Millbrooke offers no explanation for his extraordinary delay.  Leave to amend is properly denied "when the moving party presents no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally." *Vincent v. Trend Western Tech. Corp.*, 828 F.2d 563, 570-71 (9th Cir. 1987), quoting *Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir. 1982).  *See also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir.2006) ("[I]n evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading," and finding 15-month delay unreasonable) (internal quotations and citation omitted); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F2d, 1149, 1160 (9th Cir. 1989) (leave to amend need not be granted where amendment of the complaint would cause the opposing party undue prejudice or create undue delay).  On the record before the court the sole reason for Millbrooke's delay in moving to amend his complaint appears to be that he only recently thought to assert his pat-down theory based on facts known to him for at least 18 months.  That is not sufficient reason to excuse such a lengthy delay.

The record also supports a reasonable inference of a bad faith in seeking to amend at this late date.  While this court's Findings and Recommendation was under review by the district judge, Millbrooke sought to add a new theory to his case on facts known to him for at least 18 months and

with no explanation for his delay in asserting this new theory.  The record suggests one explanation, however:  this court's ruling on the parties' dispositive motions narrowed Millbrooke's case against the Defendants and his request to amend to sought to reinvigorate his case, gain settlement leverage against Defendants, or create further delay in the case.  Good faith is not served by any of these purposes

In addition, allowing Millbrooke to amend his complaint at this juncture would be prejudicial to Defendants.  Millbrooke argues that Defendants will not be prejudiced by the addition of the new claim because it is not a new facet to the case or its evidence.  Had the amendment been sought before the filing of, and ruling on, the parties' summary judgment motions, this might have rung true. Discovery is closed after three extensions, two of which Millbrooke sought and obtained. Millbrooke's complaint guided the parties' discovery: documents were requested and exchanged, and witnesses were deposed.  Defendants moved for partial summary judgment based on the claims in Millbrooke's complaint.  Allowing Millbrooke to amend his complaint now would cause Defendants to engage in additional discovery, in re-deposing both Millbrooke and the individual defendants, and possibly other witnesses as well, and engaging in additional written discovery. Defendants' prior discovery efforts would be duplicated to a large extent, as would the attendant cost they would incur.  Furthermore, the delayed filing of the motion for leave to amend deprives Defendants of the opportunity to seek summary judgment on this new claim, resulting in more prejudice to Defendants.  And this case is now ready for trial; granting the motion to amend could considerably delay trial, an unappealing prospect to Defendants who were sued two years ago for conduct allegedly occurring three and one-half years ago.

In sum, Milbrooke's motion to amend his complaint to add the pat-down claim fails to meet

the controlling standard.  His delay is extraordinary and unexplained, he sought to add a new theory after an unfavorable dispositive motion ruling, and if allowed his amendment would prejudice the Defendants and cause unnecessary delay in a case that is ready to be set for trial.  Accordingly, the court exercises its discretion and recommends that Millbrooke's motion for leave to amend be denied.

*Conclusion*

Millbrooke's motion (#46) for leave to amend to allege a pat-down claim should be DENIED.

<u>Scheduling Order</u>

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **February 19, 2014**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of February, 2014.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge